Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
dsh@girardgibbs.com
Geoffrey A. Munroe (State Bar No. 228590)
gam@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

Scott A. Kamber (admitted *pro hac vice*)
skamber@kamberlaw.com
David Stampley
**KAMBERLAW, LLC**
11 Broadway, 22nd Floor
New York, NY 10004
Telephone: (646) 964-9600
Facsimile: (212) 920-3081

*Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ELDRIDGE, an individual, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>       vs.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>            Defendant. | Lead Case No. 08-CV-4733 RMW<br><br>Related Cases:<br>Case No. 08-CV-4917 RMW<br>Case No. 08-CV-5373 RMW<br>Case No. 08-CV-4629 RMW<br>Case No. 08-CV-4421 RMW<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) ATTORNEY FEES AND EXPENSES** |
| This Document Relates To:<br><br>ALL RELATED ACTIONS | |

1   This matter came before the Court for hearing pursuant to the Order Granting Preliminary
2   Approval Of Class Settlement dated November 16, 2009 ("Preliminary Approval Order"), and on
3   application of the parties for final approval of the parties' Stipulation of Settlement dated November 10,
4   2009 ("Agreement").  Due and adequate notice having been given of the settlement set forth in the
5   Agreement as required in the Preliminary Approval Order, and the Court having considered all papers
6   filed and proceedings had herein and otherwise being fully informed in the premises and good cause
7   appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. All defined terms used in this Judgment have the same meanings as set forth in the Agreement.

2. The Court hereby reaffirms its previous findings and conclusions, as set forth in the Preliminary Approval Order, that the Class meets all the requirements for certification pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.  The Class is defined as:

> All persons or entities in the United States who purchased or legally downloaded, and subsequently installed one or more EA computer games that included SecuROM copy protection technology.

3. The Court finds and concludes that notice has been given to the Class as directed in the Preliminary Approval Order, which notice was the best notice practicable under the circumstances and fully satisfied due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Court further finds that notice has been given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

4. The Court finds and concludes that no Class Members have objected to the Settlement Agreement.

5. The Court approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate for the Class.

6. The Court hereby finds that Class Counsel have adequately represented the Plaintiff Class for purposes of entering into and implementing the Settlement.

7. If the Settlement does not become effective in accordance with the terms of the

1
ORDER GRANTING FINAL APPROVAL & AWARDING ATTORNEY FEES AND EXPENSES
LEAD CASE NO. CV-08-4733 RMW

Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

8. Upon the Effective Date, the Plaintiffs and each Class Member shall be deemed to have, and by operation of the Final Approval, shall have fully, finally, and forever irrevocably released, relinquished, and discharged with prejudice the Released Parties from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, restitution, disgorgement, costs, attorneys' fees, losses, expenses, obligations or demands, of any kind whatsoever, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, whether under federal statutory law, federal common law or federal regulation, or the statutory or common laws or regulations of any and all states or subdivisions, which are based upon, arising out of, in connection with, or in any way relating to any of the acts, omissions or other conduct which were alleged or otherwise referred to in the Litigation, including, without limitation, all claims relating to the allegation that EA failed to disclose that the computer games at issue in the Litigation included a version of SecuROM ("Released Claims"), except that any Class Member who allegedly suffered damages before the Effective Date may bring an individual (non-class action) claim against EA for such damages based on an alleged breach of the End User License Agreement ("EULA") and/or alleged breach of express warranty, and/or alleged trespass to chattels and/or property. Those claims may be brought in any forum, regardless of the EULA's choice of law or venue provisions or clauses. Except for choice of law, choice of venue and any claim-splitting defense, EA reserves all positions, rights and defenses. By operation of the Final Approval, all Class Members shall be deemed to have waived any and all provisions, rights and benefits conferred by section 1542 of the California Civil Code or any comparable statutory or common law provision of any other jurisdiction with respect to the Released Claims.

9. The Court hereby dismisses these actions against EA with prejudice as to all Class Members and without costs, except as otherwise provided in the Agreement.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; and (b) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Agreement and this Judgment.

11. ~~Having reviewed the record, the Court now grants Plaintiff's Unopposed Motion for Attorney Fees and Expenses, and finds the amounts requested therein to be reasonable in light of Class Counsel's efforts and expenses in prosecuting this action and Ninth Circuit precedent. Therefore,~~ For the reasons stated in the accompanying Order Re Attorney's Fees, the Court awards Class Counsel attorneys' fees and expenses in the amount of $490,000.

12. The Court also finds that an incentive award of $250 for each Class Representative is appropriate for their efforts in bringing and prosecuting this action and for devoting time and effort to keeping himself informed of the litigation.

Dated: 6/2/10

*Ronald M. Whyte*
The Honorable Ronald M. Whyte
United States District Judge