**E-FILED on** 6/2/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD ELDRIDGE, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>        Defendant.<br>_____<br><br>This Document Relates to:<br><br>ALL RELATED ACTIONS | Lead Case No. C-08-4733 RMW<br><br>Related Cases:<br>C 08-4917 RMW<br>C 08-5373 RMW<br>C 08-4629 RMW<br>C 08-4421 RMW<br><br>ORDER RE ATTORNEY'S FEES |

On March 12, 2010, the court heard plaintiffs' motion for final approval of settlement and approval of an award of attorney's fees and costs in the amount of $490,000. Plaintiffs' papers represented that this fee award constituted the lodestar multiplied by 1.01, a very small multiplier. Nevertheless, the court requested counsel to provide further detail concerning their lodestar calculation in order for the court to further evaluate the reasonableness of the fee request. Specifically, the court wanted to see the requested fees broken down to show the time spent on

particular services. Counsels' submission, however, lumps services together and provides little help in evaluating the reasonableness of the services rendered.

Ordinarily, there is a presumption that the attorney's fees reached through arms-length negotiation are reasonable. Nevertheless, the court is to consider the lodestar as a check on the reasonableness of the sought-for fees. In this case, the lodestar — if accurate — tends to establish that the requested fees are reasonable.

The Joint Declaration of Scott Kamber and Eric Gibbs states that their respective firms have expended 979 hours in pursuing this action, specifically:

- 263 hours on investigation (factual investigation, legal research, interviewing clients and class members, and consultation with experts)
- 115.6 hours to draft the initial complaint
- an additional 69.8 hours to draft the consolidated complaint
- 143.5 hours in coordination and litigation of cases (coordination of the related cases, consolidation and case management, Rule 26 and discovery)
- 116.25 hours in mediation (preparation for mediation, pre-mediation conferences, drafting the settlement conference statement and participation in mediation)
- a further 127.54 hours in settlement (negotiating and drafting the settlement agreement and associated documents), and
- 143.31 hours on "Court Approval" (preliminary approval motion and associated documents, publishing class notice, communicating with class members and clients, and the final approval motion and associated documents).

A review of the docket sheets in these related actions, however, shows only the filing of the initial complaints, relating the cases so that they would be heard by a single district judge, the stipulated consolidation of the related actions into a single action, a single case management conference, the stipulated referral to then Magistrate Judge Seeborg for a settlement conference, the successful settlement reached before Judge Seeborg, preliminary approval of the proposed settlement and final approval.

1   No discovery appears to have been conducted. The parties' March 3, 2009 Joint Case
2   Management Conference Statement states that no discovery had yet occurred and the parties
3   requested postponing discovery and disclosures until after the settlement conference. Similarly, no
4   contested motions were filed, such as motions to dismiss under Rule 12(b)(6) or motions for class
5   certification. The court, therefore, has difficulty accepting that 263 hours were expended on initial
6   investigation, or that more than 140 hours were expended in coordination and litigation of claims
7   (including claimed discovery which appears not to have been engaged in), or that nearly 260 hours
8   were expended relating to mediation and settlement of the action. Counsel are officers of the court,
9   however, and have submitted sworn declarations that these hours were actually worked by counsel,
10  and without challenging the veracity of counsel, the court is left with the conclusion that the hours
11  worked were excessive. Accordingly, the lodestar calculation which is usually employed as a
12  reasonableness check on the amount of fees sought, does not offer a meaningful reasonableness
13  check in this case.

14  The factors weighing in favor of awarding the amount of fees sought are that it was
15  negotiated at arms length, that the amount to be paid in settlement was agreed to by the defendant
16  and will not serve in any way to diminish the relief to the class members, that any decrease in the fee
17  award would only benefit the defendant, a publicly traded corporation that is presumably capable of
18  protecting itself, and that the settlement negotiations were presided over by a respected and
19  experienced United States Magistrate Judge. Weighing against awarding the fees requested is the
20  court's sense that the lodestar calculation shows excessive hours for the work performed. On
21  balance, the factors in favor of awarding the requested fees outweigh the factors suggesting a
22  downward adjustment.

23  The court approves an award of attorney's fees and costs in the amount of $490,000.

25  DATED:     6/2/10                          *Ronald M. Whyte*
26                                             RONALD M. WHYTE
                                               United States District Judge

ORDER RE ATTORNEY'S FEES—Lead Case No. C-08-4733 RMW Related Cases:C 08-4917 RMWC 08-5373 RMWC 08-4629 RMW C 08-4421 RMW
TER                                3

**United States District Court**
For the Northern District of California

1 **Notice of this document has been electronically sent to:**

2 **Counsel for Plaintiffs:**

3 **David Christopher Parisi**
4 Email: dcparisi@parisihavens.com

5 **David A. Stampley**
Email: dstampley@kamberlaw.com

6 **Eric H. Gibbs**
7 Email: ehg@girardgibbs.com

8 **Oren S. Giskan**
Email: ogiskan@gslawny.com

9 **Scott A Kamber**
10 Email: skamber@kamberlaw.com

11 **Suzanne L. Havens Beckman**
Email: shavens@parisihavens.com

12 **Rosemary M. Rivas**
13 Email: rrivas@finkelsteinthompson.com

14
15 **Counsel for Defendants:**

16 **Vincent Martin Pollmeier**
17 Email: vincentpollmeier@quinnemanuel.com

18 **Claude M. Stern**
Email: claudestern@quinnemanuel.com

19 **Shon Morgan**
20 Email: shonmorgan@quinnemanuel.com

21
22 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.
23
24
25
26 **Dated:** 6/2/10                                        TER
27                                                         **Chambers of Judge Whyte**
28

ORDER RE ATTORNEY'S FEES—Lead Case No. C-08-4733 RMW Related Cases: C 08-4917 RMW C 08-5373 RMW C 08-4629 RMW 08-4421 RMW
TER                                                        4